UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>vs.<br><br>C. PFEIFFER, et al.,<br><br>  Defendants. | **1:20-cv-01825-AWI-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE**<br>**(ECF No. 12.)** |

## I. BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 28, 2020. (ECF No. 1.) On April 1, 2021, the court dismissed the case pursuant to 28 U.S.C. § 1915(g), without prejudice to refiling the case with submission of the $402.00 filing fee. (ECF No. 10.) On April 20, 2021, Plaintiff filed objections to the order dismissing the case, which the court construes as a motion for reconsideration. (ECF no. 12.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

1

opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.  PLAINTIFF'S MOTION**

Plaintiff requests reconsideration of the court's order of April 1, 2021, in which the undersigned adopted the assigned magistrate judge's findings and recommendations in full, denied plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C.§ 1915(g), and dismissed the case without prejudice to refiling the case with submission of the filing fee. (ECF No. 12.)

Plaintiff first argues that he is indigent and cannot afford to pay the filing fee for this case. He requests the court to allow this case to proceed and deduct funds for the filing fee when Plaintiff obtains such funds. Next, Plaintiff argues that the court erred in finding that he did not

qualify for the imminent danger exception under § 1915(g) at the time he filed the Complaint on December 28, 2020. Plaintiff alleges that he was set up by prison officials employed at Kern Valley State Prison for filing lawsuits against them, who delivered messages to officials at North Kern State Prison that Plaintiff should be assaulted. Then on November 14, 2020, at North Kern State Prison, Plaintiff was attacked from behind, punched, and stabbed multiple times with inmate-manufactured weapons. Plaintiff contends that he can show a pattern of ongoing physical injury from correctional officers at North Kern State Prison and Kern Valley State Prison, and that he continues to be threatened with assault and battery.

**IV.    CONCLUSION AND ORDER**

Plaintiff has not presented newly discovered evidence, shown that the district court committed clear error, or shown that there was an intervening change in the controlling law since the court rendered its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 2, 2021, is DENIED.

IT IS SO ORDERED.

Dated:   May 18, 2021                                    _____
                                                              SENIOR DISTRICT JUDGE